John A. Ritter City Attorney Miami Beach
QUESTIONS:
1. May the City of Miami Beach impose a city tax on the conversion of condominiums in the form of a 2-percent tax on the gross sale price of said units?
2. May the City of Miami Beach regulate conversion of apartments to condominiums by requiring a special occupational license for such conversions?
SUMMARY:
Until judicially determined otherwise, a municipality is not authorized by law to levy a tax on the conversion of apartments into condominiums in the form of a 2-percent tax on the gross sale price of the condominium units, since it appears that a levy would be in the nature of an excise tax, which a municipality is without authority to levy; and the City of Miami Beach may not regulate the conversion of apartments into condominiums by levy of a special regulatory license fee for such conversions.
The answers to your questions are in the negative.
AS TO QUESTION 1:
In two earlier opinions, AGO's 076-186 and 074-131, my predecessor expressed the view that under ss. 1(a) and 9(a), Art. VII, State Const., a municipality could levy only those taxes, other than ad valorem taxes, that were specifically permitted under general law.See also City of Tampa v. Birdsong Motors, Inc., 261 So.2d 1
(Fla. 1972). As noted in AGO 076-186, s. 166.201, F. S., which allows a municipality to raise moneys necessary to conduct local government by taxation and licenses authorized by the Constitution or general law, does not of itself grant any specific taxing power. Municipalities have been given authority by general law to impose certain license taxes, s. 205.042, et seq., F. S. The opinion request does not contain a draft of any specific proposed ordinance or otherwise delineate the precise nature and form of the proposed tax. However, even if an ordinance attempted to designate the tax in question as a license tax on the privilege of engaging in or managing a business by maintaining a permanent business location or branch office within the jurisdiction (see s.205.042(1)), the fact that the tax is measured by a percentage of the gross sale price of the unit would probably result in its being viewed in its practical operation as a tax on the privilege of selling the unit, or a sales tax. City of Tampa v. Birdsong Motors, Inc., supra; see also AGO 071-303. Although the levy in question is not a duplication of those imposed in ch. 212, F. S., by reason of the fact that it is imposed on the privilege of selling real property rather than tangible personal property and, therefore, is not subject to the specific prohibition found in s.212.081(3)(b), it nevertheless is not specifically permitted by any provision of general law and therefore may not be imposed. Cf. AGO 074-270, concluding that a municipality is not authorized by the Municipal Home Rule Powers Act or any other general law to levy an excise tax in the form of a documentary stamp tax on transfers of real property within its territorial boundaries.
Accordingly, it does not appear that the city may impose the 2-percent tax as outlined in the inquiry.
AS TO QUESTION 2:
The second question posed in the inquiry refers to the regulation of the conversion of apartments to condominiums by means of a special occupational license tax. As noted above, there was no specific proposed ordinance included with the inquiry; accordingly, for purposes of this opinion, I shall assume that the second question is concerned with a regulatory license andregulatory fees.
Section 205.022(1), F. S., provides in pertinent part:
 (1) `Local occupational license' means the method by which a local governing authority grants the privilege of engaging in or managing any business, profession, or occupation within its jurisdiction. It shall not mean any fees or licenses paid to any board, commission, or officer for permits, registration, examination, or inspection. Unless otherwise provided by law, these are deemed to be regulatory and in addition to, and not in lieu of, any local occupational license imposed under the provisions of this chapter. (Emphasis supplied.)
The inquiry appears to indicate that it is the regulation of the conversion of the apartments to condominiums which the city is seeking to accomplish. Section 166.221, F. S., provides the authority for the levy of regulatory fees by a municipality. The fee charged for such regulation must, pursuant to that statute, be commensurate with the cost of the regulated activity and may only be levied when `the regulation of which (business, profession or occupation) has not been preempted by the state . . . .' (Emphasis supplied.) The distinction between the occupational license tax in ch. 205, F. S., and the regulatory fee provided for in ch. 1668 F. S., has been discussed in previous opinions of this office. See
AGO's 074-21 and 076-30.
The creation of condominiums in this state is governed by and preempted to the state by the provisions of part I of ch. 718, F. S., see, e.g., ss. 718.102 and 718.104; and the creation of condominiums by converting existing, previously occupied improvements to that form of ownership is specifically authorized by s. 718.402, upon compliance with the provisions of part I of ch. 718. See also s. 718.507, which reads in relevant part:
 . . . No law, ordinance, or regulation shall establish any requirement concerning the use, location, placement, or construction of buildings or other improvements which are, or may thereafter be, subjected to the condominium form of ownership, unless such requirement shall be equally applicable to all buildings and improvements of the same kind not then, or thereafter to be, subjected to the condominium from of ownership.
Moreover, the regulation of the construction, alteration, repair, or demolition of buildings is governed by and preempted to the state (with certain exceptions not here material) by the provisions of part VI of ch. 553, F. S., providing for the State Minimum Building Codes and enforcement thereof.
Having no specific ordinance brought to my attention, and in view of the previous opinions of this office as well as the provisions of chs. 718 and 553, as noted above, I am not prepared to say that the city may regulate the conversion of apartment properties to condominiums by means of a special regulatory occupational license fee.
I therefore conclude that, until judicially determined otherwise, the City of Miami Beach may not regulate conversion of apartments to condominiums by means of a special occupational license fee levied for such conversions.
Prepared by: William D. Townsend, Assistant Attorney General